UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DOE, <br> Plaintiff <br> <br> v. <br> <br> CITY OF SOMERVILLE, <br> JOSH WAIRI, <br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case Number 22-10091 <br> <br> <br> <br> **COMPLAINT** <br> <br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action against the CITY OF SOMERVILLE and former teacher JOSH WAIRI arises out of a 2011 incident in which JOHN DOE—then a minor child in the defendants' care—was filmed while showering during a field trip in Yarmouth Port, Barnstable County, Massachusetts. Defendant JOSH WAIRI retained these videos with his child pornography collection and used them for his own sexual gratification. Plaintiff seeks relief through various federal, state, and common law tort claims, including 18 USC § 2255 (Masha's Law).

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this civil action arises under the laws of the United States of America.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred within this District.

## PARTIES

4. Plaintiff JOHN DOE is an individual residing in Middlesex County. At the time of filing this action, JOHN DOE is 20 years old.

5. Plaintiff brings this suit using pseudonyms because JOHN DOE was a victim of sexual abuse as a minor. Simultaneously with filing this Complaint, Plaintiff is filing a motion to proceed using a pseudonym and motion to impound affidavit of his true name. Plaintiff will then promptly file an affidavit of true name if these motions are allowed. These documents will be served upon the defendants.

6. Defendant CITY OF SOMERVILLE is a municipal corporation with offices at City Hall, 93 Highland Avenue, Somerville, Middlesex County, Massachusetts.

7. Defendant JOSH WAIRI is an individual currently incarcerated in Schuylkill Federal Correction Institution in Minersville, Schuylkill County, Pennsylvania. Prior to his incarceration, WAIRI resided in Somerville, Middlesex County, Massachusetts. Upon his release, WAIRI intends to once again reside in Somerville, Middlesex County, Massachusetts.

**FACTS COMMON TO ALL CLAIMS**

8. Arthur D. Healey School ("Healey School") is a school within the Somerville School District.

9. The powers, duties, and liabilities of the Somerville School District are vested in and exercised by Defendant CITY OF SOMERVILLE ("SOMERVILLE").

10. At all times relevant to this action, Defendant SOMERVILLE, employed all school staff, faculty, counselors, and principals at the Healey School.

11. At relevant times and in the actions described in this Complaint, Healey employees were acting under the color of law, under the color of their authority as Somerville School District employees, and within the scope of their employment with SOMERVILLE.

12. At all times relevant to this action, Plaintiff JOHN DOE ("JOHN") was a student at the Healey School.

13. At all times relevant to this action, Defendant JOSH WAIRI ("WAIRI") was under the disciplinary authority of SOMERVILLE.

14. In 2011, Defendant WAIRI taught fifth grade at the Healey School.

15. JOHN was a fifth grader in WAIRI's class.

16. During this year, JOHN attended an overnight field trip to Nature's Classroom in Yarmouth Port, Barnstable County, Massachusetts.

17. This field trip was arranged by the Healey School.

18. Staff of the Healey School, including Defendant WAIRI, acted as chaperons.

19. Unbeknownst to JOHN and his classmates, during this field trip, Defendant WAIRI captured the boys on video when they were in the shower.

20. Defendant WAIRI aimed the camera to best capture the naked boys' genitals.

21. Defendant WAIRI physically positioned the camera, so that it would be in close proximity to the boys' genitals.

22. Defendant WAIRI placed the camera in the bathroom with the sole purpose of collecting images of his minor students' genitals.

23. In 2014, Defendant WAIRI was arrested on suspicion of possessing child pornography.

24. Execution of a warrant uncovered more than 26,000 images and 500 videos of child pornography in Defendant WAIRI's possession.

25. Comingled within Defendant WAIRI's child pornography collection were the videos and images he captured of JOHN and his classmates during the 2011 field trip.

26. Defendant WAIRI had edited the videos from the field trip, deleting certain portions and splicing others together.

27. During the investigation, Defendant WAIRI admitted that he has a sexual interest in children.

28. During the investigation, Defendant WAIRI admitted to masturbating to the pornographic videos of his students that he created.

29. Investigators learned that Defendant WAIRI had a history of sharing portions of his pornography collection with others using the Internet.

30. In 2014, JOHN learned about the recording and the existence of Defendant WAIRI's videos when law enforcement interviewed him about the criminal case.

31. When JOHN learned about Defendant WAIRI's actions, he was still a student in the Somerville School District.

32. As a result of the actions of the defendants, JOHN has suffered severe emotional distress, including sleep disturbances, insomnia, apathy, fear of crowds, intrusive memories, and disturbing memories.

33. JOHN suffers from a severe sense of betrayal and no longer trusts authority figures, particularly teachers.

34. JOHN has received treatment for the injuries caused by the defendants.

**COUNT 1**
**Intentional or Reckless Infliction of Emotional Distress Claim**
**Against Defendant JOSH WAIRI**

35. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

36. Defendant JOSH WAIRI intended to inflict emotional distress or, he knew or should have known that emotional distress was the likely result of his conduct, when he surreptitiously videotaped the minor plaintiff JOHN DOE in the nude for Defendant WAIRI's own sexual gratification.

37. Defendant JOSH WAIRI's conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

38. Defendant JOSH WAIRI's conduct caused the minor plaintiff JOHN DOE distress of a nature so severe that no reasonable person could be expected to endure it.

### COUNT 2
**Negligent Infliction of Emotional Distress Claim Against Defendant JOSH WAIRI**

39. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

40. Defendant JOSH WAIRI owed a duty not to physically or emotionally harm the minor plaintiff JOHN DOE, which he breached through surreptitiously videotaping the minor plaintiff JOHN DOE in the nude for Defendant WAIRI's own sexual gratification.

41. Such a breach was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

42. This breach reasonably caused the minor plaintiff JOHN DOE emotional distress of a nature so severe that no reasonable person could be expected to endure it.

### COUNT 3
**Violation of 18 USC § 2255 (Masha's Law) Claim Against JOSH WAIRI**

43. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

44. Defendant JOSH WAIRI's recording of Plaintiff JOHN DOE and subsequent use of the recordings constitutes sexual exploitation of a child pursuant to 18 USC § 2251.

45. Pursuant to 18 USC § 2255 ("Masha's Law"), defendants are liable to their victims when their behavior meets the criteria of one or more of the criminal statutes listed in Masha's Law.

46. 18 USC § 2251 is one of the criminal statutes listed in Masha's Law,

47. Defendant JOSH WAIRI is liable to Plaintiff JOHN DOE under Masha's Law and is entitled to the damages and attorney's fees described in the statute.

### COUNT 4
### Invasion of Privacy Claim Against JOSH WAIRI

48. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

49. Defendant JOSH WAIRI invaded Plaintiff JOHN DOE's privacy when he videotaped the minor plaintiff while JOHN DOE was showering.

50. Defendant JOSH WAIRI made this recording without Plaintiff JOHN DOE's knowledge or consent.

51. Defendant JOSH WAIRI was not permitted by any law or statute to make such a recording.

52. This recording of Plaintiff JOHN DOE in the nude was an unreasonable, substantial, and serious invasion of the plaintiff's privacy.

53. As a result of Defendant JOSH WAIRI's invasion of Plaintiff JOHN DOE's privacy, Plaintiff JOHN DOE has suffered extreme emotional distress.

**Count 5**
**Claim for Violation of Mass. Gen. L. c. 214 § 1C Against**
**Defendant CITY OF SOMERVILLE**

54. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

55. CITY OF SOMERVILLE is the governing body of Somerville Public Schools.

56. The Arthur D. Healey School is part of the Somerville Public Schools.

57. The Arthur D. Healey School is an educational institution within the meaning of the statute.

58. CITY OF SOMERVILLE is strictly and vicariously liable for actions committed by their employees that are within the scope of employment and furthered by their employment.

59. CITY OF SOMERVILLE committed an unfair educational practice under the statute when Defendant JOSH WAIRI, an employee of CITY OF SOMERVILLE, videotaped minor plaintiff JOHN DOE—while JOHN was nude—for Defendant WAIRI's own sexual gratification.

60. This sexual abuse, perpetrated by JOSH WAIRI under the supervision of CITY OF SOMERVILLE had the purpose or effect of interfering with the minor plaintiff JOHN DOE's education by creating an intimidating, hostile, humiliating, and sexually offensive educational environment.

61. As a result of CITY OF SOMERVILLE's unfair educational practices, in violation of the statute, the minor plaintiff JOHN DOE has suffered severe emotional distress, humiliation, and educational harm, as more fully set forth herein.

## Count 6
### Claim for Negligence Against Defendant CITY OF SOMERVILLE under Mass. Gen. L. c. 258 § 2

62. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

63. Defendant CITY OF SOMERVILLE owed a duty to exercise reasonable care for the protection of JOHN DOE against misconduct and inappropriate conduct and/or contact.

64. Based on the conduct described above, Defendant CITY OF SOMERVILLE was aware or should have been aware of the fact that Defendant JOSH WAIRI was recording minor students in the shower, including JOHN DOE.

65. Defendant CITY OF SOMERVILLE breached that duty by negligently failing to train, supervise, investigate, and terminate Defendant JOSH WAIRI, and otherwise failing to take corrective action around the time Defendant JOSH WAIRI videotaped minor students showering during a field trip.

66. Defendant CITY OF SOMERVILLE failed to supervise Defendant JOSH WAIRI in a manner to discover and prevent sexual abuse of JOHN DOE, which took place while on a school-sponsored field trip.

67. Defendant CITY OF SOMERVILLE failed to scrutinize Defendant JOSH WAIRI's behavior during and around the time he recorded minor students, including JOHN, in the shower.

68. Presentment of this claim is not required pursuant to Massachusetts General Laws, Chapter 258 §4, as amended by Chapter 145 of the Acts of 2014, section 1.

69. By its actions, Defendant CITY OF SOMERVILLE is the direct and proximate cause of the sexual abuse endured by JOHN DOE.

## RELIEF REQUESTED

Wherefore, the plaintiffs demand judgment against the defendants on each of the Claims, in an amount to be determined by a jury, as compensatory damages, and as punitive damages where appropriate, plus costs, interests, and attorney's fees.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

The Plaintiff,
By His Attorneys,

*/s/ Carmen L. Durso*
CARMEN L. DURSO, ESQUIRE
BBO # 139340
175 Federal Street, Suite 505
Boston, MA 02110-2287
617-728-9123 / carmen@dursolaw.com

*/s/ Sara Elizabeth Burns*
SARA ELIZABETH BURNS, ESQUIRE
BBO # 692115
177 Huntington Avenue, Suite 1703
PMB 85263
Boston, MA 02115-3153
617-767-2710 / sara@seburnslaw.com
January 21, 2022