UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DOE, | * | No. 1:22-cv-10091 |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| CITY OF SOMERVILLE, | * | |
| JOSH WAIRI, | * | |
|     Defendants | * | |

## PLAINTIFF'S *EX PARTE* MOTION TO IMPOUND AFFIDAVIT OF PLAINTIFF AND MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM

Pursuant to L.R. 7.1 and 7.2, Plaintiff moves, *ex parte*, that the Affidavit which identifies him by his name and address be impounded until further order of the Court,[1] and for leave to proceed using a pseudonym, instead of his true name. He further moves that, in all documents subsequently filed with this Court, he be identified only as John Doe, and that his address be deleted therefrom.

In support, Plaintiffs state as follows:

1. Plaintiff is twenty years old, residing in Middlesex County, Massachusetts.

2. When John Doe was a fifth grader at the Arthur D. Healey School, a school operated by Defendant City of Somerville, Defendant Josh Wairi surreptitiously recorded the plaintiff and his classmates while they showered. Complaint ¶¶ 10, 12, 19.

3. Defendant Wairi focused on the boys' genitals in these recordings. He later edited them and stored them in his child pornography collection. Complaint ¶¶ 20-28.

4. Plaintiff does not want to be identified publicly as one of Wairi's victims because of the

---

[1] Pursuant to L.R. 7.2(c), Plaintiffs have not filed the Affidavit of True Name, but will file when the Court rules on this Motion or other order of the Court.

1

personal nature of the incident, which took place when he was a minor. Defendant Wairi's actions humiliated the plaintiff and left him concerned about whether and how frequently these images were shared with others. The plaintiff reasonably believes the public disclosure of his name in association with the events in the complaint will further harm and humiliate him.

5. L.R. 7.2, Impounded and Confidential Materials, authorizes this Court to enter an order of impoundment, for good cause shown and in accordance with applicable law. In determining good cause, the court should consider all relevant factors, including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reasons for the request.

6. The plaintiff will, of course, be identified to the defendants, so the allowance of this Motion will not interfere with their ability to present a defense to this action.

7. It is the policy of Massachusetts news media to keep the names of victims of sexual assaults confidential. Accordingly, allowance of the instant motion will not impede the press from performing its responsibilities.

8. The Commonwealth of Massachusetts has enacted statutory measures to protect the names and identities of rape and sexual assault victims. *See* G.L. c. 41, §97D (confidentiality of police reports of sexual assault); G.L. c. 233, §20J (privilege against disclosure of sexual assault counseling records); G.L. c. 265, §24C (confidentiality of "[t]hat portion of the records of a court or any police department ... which contains the name of the victim in an arrest, investigation or complaint for rape or assault with intent to rape" and punishing disclosures).

9. Federal law protects information about children's educational records, including special

education services, programing, and other school files. Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99).

10. As explained in *Patrick Collins, Inc. v. Does 1-38*, "permitting a party to proceed anonymously may be warranted in exceptional circumstances, such as matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." 941 F. Supp. 2d 153, 161 (D. Mass. 2013).

11. In recent years, the District of Massachusetts has applied this dicta (*Patrick Collins*) when deciding motions to proceed using a pseudonym. *Wiler v. Falmouth Police Dep't*, No. 1:20-11413-JCB, 2020 U.S. Dist. LEXIS 151649, at *4 (D. Mass. Aug. 21, 2020) *Rose v. Pai*, No. 20-10486-IT, 2020 U.S. Dist. LEXIS 105369, at *1-2 (D. Mass. June 16, 2020); *Doe v. Smith*, No. 18-12266-PBS, 2018 U.S. Dist. LEXIS 188585, at *2 (D. Mass. Nov. 5, 2018). Then, courts weigh the personal information at stake against the presumption that court proceedings are publicly available. *Smith*, 2018 U.S. Dist. LEXIS 188585, at *2. Notably, "'[c]ourts are more likely to permit plaintiffs to proceed under a pseudonym when they are pursuing a claim against the government rather than a private individual.'" *Id.*, at *3 (quoting *Int'l Refugee Assistance Project v. Trump*, 2017 U.S. Dist. LEXIS 29058, 2017 WL 818255, at *3 (D. Md. 2017)) (further citations omitted).

12. The frequent use of John or Jane Doe in Title IX (gender discrimination of students) cases in this Court supports the use of such a pseudonym here. *Doe ex rel. B.G. v. Bos. Pub. Sch.*, No. 17-cv-11653-ADB, 2019 U.S. Dist. LEXIS 32705 (D. Mass. Mar. 1, 2019); *Doe v. League Sch. of Greater Boston, Inc.*, No. 16-cv-11940-IT, 2018 U.S. Dist. LEXIS 74820 (D. Mass. May 3, 2018); *Doe v. Bradshaw*, 203 F. Supp. 3d 168 (D. Mass. 2016); *Doe v.*

*Town of Wayland*, 179 F. Supp. 3d 155 (D. Mass. 2016); *Doe v. Pike Sch., Inc.*, No. 13-11730-RGS, 2014 U.S. Dist. LEXIS 13363 (D. Mass. Feb. 4, 2014); *Doe v. Town of Stoughton*, 917 F. Supp. 2d 160 (D. Mass. 2013); *Doe v. Fournier*, 851 F. Supp. 2d 207 (D. Mass. 2012); *Doe v. D'Agostino*, 367 F. Supp. 2d 157 (D. Mass. 2005).

## CONCLUSION

Because there are no countervailing interests more worthy of protection under the circumstances at bar, and in view of the very limited relief sought by the plaintiff's Motion, the plaintiff respectfully requests this Court to grant his Motion to Impound Plaintiff's Affidavit and to allow him to proceed using a pseudonym.

The Plaintiff,
By His Attorney,

*/s/ Sara Elizabeth Burns*
SARA ELIZABETH BURNS, ESQUIRE
BBO # 692115
177 Huntington Avenue, Suite 1703
PMB 85263
Boston, MA 02115-3153
617-767-2710 / sara@seburnslaw.com
January 21, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above motion, along with affidavit of true name, will be served upon all defendants when these defendants are served with the summons and complaint.

*/s/ Sara Elizabeth Burns*
SARA ELIZABETH BURNS, ESQUIRE

January 21, 2022