UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DOE, | * | No. 1:22-cv-10091-RGS |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| CITY OF SOMERVILLE, | * | |
| JOSH WAIRI, | * | |
| Defendants | * | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JOSH WAIRI

### I. INTRODUCTION

Plaintiff John Doe filed the above titled action to recover for sexual abuse inflicted upon him by Josh Wairi. Following service, Defendant Wairi has failed to plead or otherwise defend this action. Dk. 26.2 (Exhibit 1, Affidavit of Sara Elizabeth Burns). The Court issued a Notice of Default on December 6, 2022. Dk. 23. Plaintiff now moves for a Default Judgment.

### II. RELVANT FACTS AND CLAIMS AGAINST WAIRI

Plaintiff John Doe was a student of Defendant Wairi at Defendant Somerville's Healey School. *Complaint*, Dk. 1, ¶¶ 8, 12, 13. As a student, John attended an overnight fieldtrip to Nature's Classroom. *Complaint*, ¶ 18. Defendant Wairi chaperoned and captured video of the male students while they were in the shower. *Complaint*, ¶ 19. Defendant Wairi strategically positioned his camera to best capture the boys' genitals. *Complaint*, ¶ 20-21; *U.S. v. Wairi*, No. 1:14-cr-10143-WGY, Dk. 71, at 2. After, Defendant Wairi edited the footage, splicing some segments together and removing others. *U.S. v. Wairi*, Dk. 71, at 2. He them comingled the footage with his child pornography collection. *U.S. v. Wairi*, Dk. 71, at 2. Wairi masturbated to these videos. *U.S. v. Wairi*, Dk. 71, at 2.

Law enforcement discovered that Defendant Wairi downloaded and shared child pornography online and arrested him. *U.S. v. Wairi*, Dk. 2-1, at 9. They recovered many files and videos, including a folder labeled, "Healey" and files labeled with the individual names of the boys on the trip. *U.S. v. Wairi*, Dk. 110, at 11. Defendant Wairi was convicted of transportation of child pornography (18 U.S.C. §2252A(a)(1)) and possession of child pornography (18 U.S.C. §2252A(a)(5)(B)) *U.S. v. Wairi*, No. 1:14-cr-10143-WGY, Dk. 91, 143. He is currently incarcerated.

Plaintiff filed this suit against Defendant Wairi and Wairi's former employer, City of Somerville, to recover for his injuries. Somerville is not in default and is not subject to this motion. Plaintiff's claims against Wairi were for intentional infliction of emotional distress (Count 1), negligent infliction of emotional distress (Count 2), violation of 18 U.S.C. § 2255 (Masha's Law) (Count 3), and invasion of privacy (Count 4). *Complaint*, Dk. 1, ¶¶ 35-53.

Plaintiff's complaint and his requests for admissions to Wairi outlines the evidence revealed from the criminal case. Dk. 1, 19. Wairi never responded to Plaintiff's complaint or requests for admissions. Plaintiff himself supplies an affidavit, sign as John Doe, affirming the accuracy of the facts of the complaint, detailing the emotional impact of Wairi's actions, and discussing his damages. Dk. 26.3 (Exhibit 2, Affidavit of John Doe).

Wairi is currently in default, and this motion seeks a default judgment against him. Plaintiff's counsel detailed the procedural history and information about Wairi, including his current location and information showing that he is not a minor, incompetent or serving in the military, in an affidavit attached as Exhibit 1. Dk. 26.2.

### III. DEFAULT JUDGMENTS

With Default Judgments, when a plaintiff's claim is not for a sum certain, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A)

conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). During this process, "the pleadings control the relief that may be awarded, both as to the kind of relief and its scope." 10 FERN M. SMITH, MOORE'S FEDERAL PRACTICE - CIVIL § 54.71[1] (Matthew Bender 3d ed. 2014); Fed. R. Civ. P. 54(c). "When the pleadings do not state a particular amount of damages, the award is . . . limited to an amount within the fair scope of the allegations in the pleadings." 10 ROBERT M. BLOOM, MOORE'S FEDERAL PRACTICE - CIVIL § 55.34[1] (Matthew Bender 3d ed. 2014).

In the present action, Plaintiff's claim under 18 U.S.C. 2255 (Masha's Law) provides an option to collect liquidated damages; however, because Plaintiff's other claims are common law claims, for negligent and intentional infliction of emotional distress, and invasion of privacy, the Court's assistance is necessary to calculate the damages.

## IV. DAMAGES IN SEXUAL ABUSE CASES

### A. Sexual Abuse Generally

The law recognizes the unique damage caused by sexual abuse and treats sexual abuse cases differently. *See*, *U.S. v. Ellis*, 935 F.2d 385, 396-97 (1st Cir. 1991) (stating the nature of sexual abuse and resulting harm warrant upward departures from sentencing guidelines as a matter of law); *Ross v. Garabedian*, 742 N.E.2d 1046, 1046-51 (Mass. 2001) (discussing the complex nature of psychological injuries resulting from sexual abuse and its practical effect on the discovery doctrine). Because of this, special damages in sexual abuse cases are a fraction of the overall damages award. In a 2014 Plymouth County Massachusetts case, the jury awarded two victims of childhood sexual abuse $10 million. *See*, Brandon Gee, *New Statute Proves Timely in Child Sex Abuse Lawsuit*, MASSACHUSETTS LAWYERS WEEKLY (Nov. 20, 2014), http://masslawyersweekly.com/2014/11/20/new-statute-proves-timely-in-child-sex-abuse-

lawsuit/. Each plaintiff received "$1.5 million in damages for assault and battery and $3.5 million for intentional infliction of emotional distress." *Id*. Notably, the jury awarded damages for the plaintiffs' assault and battery claims *and* separate damages for their intentional infliction of emotional distress claims. *Id*. Even though the plaintiffs' emotional distress was caused by the sexual abuse, the plaintiffs were able to recover for each count. *Id*.

**B. Child Pornography & Masha's Law**

18 U.S.C. § 2255 (Masha's Law) provides civil rights of action for victims of child pornography. The statute outlines several crimes related to child abuse and exploitation that, if the plaintiff proves by a preponderance of evidence, the defendant is liable for the plaintiff's resulting injuries. In Plaintiff's complaint, he alleged that Wairi violated 18 U.S.C. § 2251, one of the statutes listed in Masha's Law, which involves creating and transmitting sexually explicit images of children.

Turning to damages, Masha's Law states that the plaintiff "shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255(a).

**C. Damages in the Present Case**

To the extent the court finds the liquidated damages provision of Masha's law useful, it should award $150,000 on that count, plus $13,300 in attorney's fees. Dk. 26.2 ¶ 21. With the other three counts against Wairi, for negligent and intentional infliction of emotional distress and invasion of privacy, Plaintiff asks that the Court determine an award that is fair and just given the egregious nature of Wairi's actions and Plaintiff's injuries as described in the pleadings and his affidavit. Dk. 1, 26.3. To assist the Court, Plaintiff includes the Form of Default Judgment that

accompanied the Court's December 6, 2022 Order, completed to the extent the information was available to Plaintiff. Dk. 26.4 (Exhibit 3, Form of Default Judgment).

## V. CONCLUSION

Default Judgment is appropriate under Fed. R. Civ. P. 55(b) as Plaintiff complied with all procedural requirements and now presents evidence to determine damages in this action against Defendant Wairi for childhood sexual abuse.

The Plaintiff,
By his Attorney,

/s/ Sara Elizabeth Burns
Sara Elizabeth Burns, BBO # 692115
sara@seburnslaw.com
177 Huntington Avenue
Suite 1703, PMB 85263
Boston, MA  02115
(617)767-2710
January 5, 2023