UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10091-RGS

JOHN DOE[1]

v.

JOSH WAIRI, et al.

MEMORANDUM AND ORDER ON
MOTION FOR DEFAULT JUDGMENT

January 19, 2023

STEARNS, D. J.,

Defendant Josh Wairi taught children at the Arthur D. Healey School (Healey), a public school in Somerville, Massachusetts. During his tenure as a teacher, Wairi was charged with possession and transportation of child pornography. *See United States v. Wairi,* 14-cr-10143, Dkt. #91 (Jury Verdict). Plaintiff John Doe was a student in Wairi's fifth grade class at Healey and one of Wairi's victims. John Doe brought this civil action against Wairi and his employer, the City of Somerville, to recover for his injuries.

---

[1] In granting plaintiff's motion to proceed under a pseudonym, the court concluded that "Doe's expressed fears -- of being exposed as a minor victim of sexual abuse -- are both severe and reasonable. For the same reasons, the court also finds that Doe has demonstrated good cause for impounding the affidavit of his true name. Dkt. #6.

Wairi has failed to respond to the Complaint.  John Doe has moved for default judgment.[2]

BACKGROUND

While in the fifth grade at Healey (in 2011), John Doe attended an overnight fieldtrip to Nature's Classroom. Compl. ¶ 18. Wairi served as a chaperone and during the trip surreptitiously videotaped several of the male students while they were showering. *Id.* ¶ 19.  Wairi strategically positioned his camera to best capture the boys' genitals. *Id.* ¶ 20-21; *United States v. Wairi*, No. 14-cr-10143-WGY, Dkt. #71, at 2.  Wairi edited the footage (splicing some segments together and removing others), ultimately comingling the footage with extracts from his child pornography collection. *Id.*

Law enforcement eventually recovered more than 26,000 images and 500 videos from Wairi's computer, including files containing the names of the boys on the trip who appeared in the videos. *Id.*, Dkt. #110, at 11. Wairi admitted to officers that he masturbated while viewing these videos. *Id.* at 9.

---

[2] Defendant City of Somerville is not in default and is not a subject of this motion.

Based on the evidence, a jury convicted him of transportation of child pornography (18 U.S.C. §2252A(a)(1)) and possession of child pornography (18 U.S.C. §2252A(a)(5)(B))  *Id.,* Dkt. #91, #143.   Wairi is currently incarcerated.

John Doe filed civil claims against Wairi for intentional infliction of emotional distress (Count 1); negligent infliction of emotional distress (Count 2); violation of 18 U.S.C. § 2255 (Masha's Law) (Count 3); and invasion of privacy (Count 4).  Compl. ¶¶ 35-53.  Service of the Complaint was made on Wairi at the Federal Correctional Institution, Schuylkill in Minersville, Pennsylvania.  *See* Dkt. #15.   John Doe's Complaint and Requests for Admissions summarize the evidence from the criminal case. Dkt.  #1, #19.  John Doe also filed an affidavit attesting to the facts of the Complaint, describing the emotional impact of Wairi's actions, and detailing his damages. Dkt. #26.3 (Ex. 2, Doe Aff.)  Wairi failed to respond to Doe's Complaint or any other pleadings.[3]  As a consequence, the court entered a

---

[3] Pursuant to Fed. R. Civ. P. 36(a)(3), Wairi's failure to respond to John Doe's Request for Admissions, requires the court to deem each request admitted by Wairi.

default against Wairi, *see* Fed. R. Civ. P. 55(a), and now considers John Doe's request for an award of damages.[4]

Having reviewed the record in this case and the pleadings in Wairi's criminal cases, the court takes special note of John Doe's testimony that his knowledge that Wairi has shared parts of his child pornography collection with others is "particularly devastating."  Doe Aff. ¶ 10.  Doe affirms that "because I do not know where the images may be, who may currently have them, if I am identifiable, and if they have continued to be distributed." *Id.* Doe states that the resultant anxiety causes "sleep disturbances, insomnia. hopelessness, fear of crowds, intrusive memories, and disturbing memories. . . . Because I don't know where the images of me are, the abuse isn't a distant memory.  Instead, I worry that I will learn that the images are still out there being shared."  Doe Aff. ¶¶ 12-14.  The court also notes that no restitution was made to Doe or the other victims in the federal criminal matter.[5]

Under Count 3, Doe alleges violation of 18 U.S.C. § 2255 (Masha's Law), which creates a civil cause of action for victims of child pornography.

---

[4] "In support [of the motion for default judgment], Plaintiff relies on the following: (1) record in this case; (2) enclosed memorandum; and (3) enclosed affidavits."  Dkt. #26, at 1.

[5] Counsel provides the court with "comparable" damages awards made to victims of child sex abuse/assault and battery lawsuits.  There is no evidence, however, of an assault and battery in Doe's case.

The statute lists several specific crimes related to child abuse and exploitation, including the creation and transmission of sexually explicit images of children, *see* 18 U.S.C. § 2251, for which victims are entitled to compensation.  Masha's Law provides for liquidated damages in the amount of $150,000, and the costs of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255(a).   Doe's counsel asks for $13, 300 in attorney's fees based on 38 hours of legal work at a rate of $350.  The court finds the number of hours expended and the hourly billing rate reasonable.  Accordingly, the court awards $163,300 on Count 3.

Recognizing the overlapping elements of the measures of damages that attach in the remaining common-law counts, the court will award an additional total of $150,000 consisting of $75,000 each on Count 1 (intentional infliction of emotional distress) and Count 4, (invasion of privacy).  The court notes that Count 2 (negligent infliction of emotional distress) is subsumed in Count 1 and therefore duplicative.

<u>ORDER</u>

In sum, the court awards John Doe $300,000 in damages, $13,300 in attorney's fees and costs, and interest from the date of the filing of the

Complaint.   The Clerk will enter a form of Default Judgment against defendant Josh Wairi consistent with this Order.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE